UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:13-cv-00536-SEB-MJD |
| CAROLYN COLVIN, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Melissa Riley requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 423(d). For the reasons set forth below, the Magistrate Judge recommends that the decision of the Commissioner be **REVERSED AND REMANDED**.

### I.  Procedural History

Riley filed an application for DIB on August 13, 2009, alleging an onset of disability of December 19, 2007. Riley's application was denied initially and on reconsideration. Riley requested a hearing which was held on November 1, 2011 before Administrative Law Judge Ronald Jordan ("ALJ"). Riley previously filed an application for DIB in September 2008. Because the present application was filed within 12 months of the initial determination of the 2008 application, the ALJ reopened the prior application. The ALJ issued a decision on December 2, 2011 finding that Riley was disabled from December 19, 2007 through June 11, 2009, but that she was no longer disabled beginning June 12, 2009 due to medical improvement.

The Appeals Counsel denied Riley's request for review on January 30, 2013, making the ALJ's decision the final decision for purposes of judicial review. Riley filed her Complaint on March 29, 2013.

## II.     Factual Background

On December 19, 2007, Riley suffered a fall resulting in an ankle injury. She had multiple surgeries on her ankle, wore a cast, and required the use of a walker and later a quad cane. Riley was discharged from physical therapy on April 21, 2009.[1] On June 12, 2009, an MRI revealed moderate enlargement and bulbous configuration of the distal Achilles tendon, minor amounts of intrasubstance signal, diffuse soft tissue edema, and mild reactive tenosynovitis. By 2010, Riley no longer used a quad cane or other hand-held walking assistant, however, she did wear an ankle-foot brace.

Riley has been treated for back pain since at least January 2008. She received injections for the pain. MRI results revealed mild spondylitic changes at L4-L5 and L5-S1 as well as mild facet hypertrophy of the lower lumbar spine. The record does not indicate any complaints of back pain after December 2009.

Riley has been treated for headaches since at least June 2007 by neurologist Dr. Huffman. In August 2008, Riley reported that she experienced headaches twice per week. She asserted that she avoided sunlight so as not to trigger the headaches. The record shows infrequent treatment of headaches between 2007 and 2010. By 2010, Riley reported more frequent headaches. Dr. Huffman completed a Headaches Residual Functional Capacity Questionnaire in January 2011. He opined that Riley suffered from complicated migraines that are severe in nature. He indicated

---

[1] The ALJ indicated that she was discharged on June 11, 2009, however this was the date the papers were signed and not the actual date of discharge.

that she suffers from nausea, vomiting, photosensitivity, and stammering and jerking movements as a result. Dr. Huffman stated that her headaches occur two to three times per week and last from four to eight hours and are triggered by bright lights. It was Dr. Huffman's opinion that Riley would need to be absent from work more than four days per month.

Riley underwent a consultative examination in October 2009 at the request of the Disability Determination Bureau ("state agency"). Based on the examination, Dr. Sands completed a Physical Residual Functional Capacity Assessment opining that Riley could occasionally lift twenty pounds and frequently lift ten pounds, and that she could stand/walk/sit for six hours in an eight-hour workday.

Riley also received a psychological evaluation from the state agency in December 2009. Based on the exam, state agency psychologist Dr. Shipley opined that Riley did not have a severe impairment. He further found that Riley only had mild limitations in activities of daily living. There is only one other treatment record for a mental impairment which was in October 2009 for anxiety and panic.

### III.     Applicable Standard

To be eligible for DIB, a claimant must have a disability under 42 U.S.C. § 423. Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

If it is determined that there is medical improvement of the claimant's impairment(s), the ALJ must determine whether the medical improvement is related to the claimant's ability to work and if the claimant is able to engage in substantial gainful activity. 20 C.F.R. § 404.1594(a). To make this determination, the ALJ must follow an additional eight-step sequential analysis. 20 C.F.R. § 404.1594(f).

At step one, if the claimant is engaging in substantial gainful activity, the ALJ will find that disability has ended. 20 C.F.R. § 404.1594(f)(1).

At step two, if the claimant has an impairment or combination of impairments which meets or equals any impairment in the Listing of Impairments, disability will continue. 20 C.F.R. § 404.1594(f)(2).

At step three, the ALJ must determine whether there has been medical improvement. 20 C.F.R. § 404.1594(f)(3). If there has been a decrease in medical severity, the ALJ must proceed to step four. *Id*. If there has been no decrease in medical severity, there has not been a medical improvement and the analysis continues at step five. *Id*.

At step four, if there has been medical improvement, the ALJ must determine whether it is related to the claimant's ability to do work. 20 C.F.R. § 404.1594(f)(4). If not, the analysis proceeds to step five. *Id*. If so, the analysis skips to step six. *Id*.

At step five, the ALJ must determine if any exceptions apply. 20 C.F.R. § 404.1594(f)(5). If no exception applies, disability will continue. *Id*.

At step six, the ALJ must determine if all the claimant's current impairments in combination are severe. 20 C.F.R. § 404.1594(f)(6). If not, the claimant will no longer be considered disabled. *Id*.

At step seven, if the claimant is able to perform his past relevant work, he will no longer be considered disabled. 20 C.F.R. § 404.1594(f)(7).

At step eight, there is other work that the claimant can perform, he will no longer be considered disabled. 20 C.F.R. § 404.1594(f)(8). If not, disability will continue. *Id*.

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by the court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181

(7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

## IV.     The ALJ's Decision

The ALJ first determined that Riley has not engaged in substantial gainful activity since December 19, 2007. The ALJ found that from December 19, 2007 through June 11, 2009, Riley had the following severe impairments: residuals of ankle injury, degenerative disc disease, obesity and migraines. The ALJ determined that from December 19, 2007 through June 11, 2009, the severity of the residuals of Riley's ankle injury met the criteria of Listing 1.02A of the Listing of Impairments. Thus, the ALJ found that Riley was under a disability from December 19, 2007 through June 11, 2009.

Next, the ALJ found that Riley has not developed any new impairment or impairments since June 12, 2009. The ALJ determined that beginning June 12, 2009, Riley did not have an impairment or combination of impairments that meets or medically equals a listing in the Listing of Impairments. The ALJ then determined that medical improvement occurred as of June 12, 2009 and such improvement was related to the ability to work.

Next, the ALJ found that, beginning June 12, 2009, Riley had the residual functional capacity ("RFC") to perform a range of sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following limitations: Riley can lift/carry/push/pull ten pounds occasionally and five pounds frequently; she can stand/walk a total of two hours in an eight-hour workday; sit for six

hours in a workday; occasionally balance, stoop, crouch, crawl, kneel, and climb ramps or stairs; Riley can never climb ladders, ropes, or scaffolds; no work around hazards such as unprotected heights, or unguarded, dangerous moving machinery; and no exposure to direct sunlight.

The ALJ then determined that Riley is unable to perform her past relevant work. Finally, the ALJ determined that, beginning June 12, 2009, considering Riley's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Riley could perform. Thus, the ALJ determined that Riley's disability ended June 12, 2009.

## V.     Discussion

The central issue in this matter is whether there is substantial evidence to support the ALJ's decision that Riley's disability ended June 12, 2009. *Dixon*, 370 F.3d at 1176. Riley raises six arguments on review: 1) substantial evidence shows disability continues; 2) the ALJ's analysis of Riley's headaches are not supported by substantial evidence; 3) the ALJ's analysis of Riley's daily activities and motherhood is not supported; 4) the ALJ failed to properly consider Plaintiff's non-severe impairments regarding her anxiety in the RFC; 5) the ALJ did not properly consider the opinion of the treating source; and 6) the vocational analysis is not relevant.

Riley first argues that substantial evidence shows that disability continued beyond June 11, 2009 because she had not shown any improvement. As an initial matter, the Court must address that this is not the appropriate standard. The standard is whether there is substantial evidence to support the ALJ's decision, not whether substantial evidence shows a disability, or continuation thereof. *See Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Even if substantial evidence supports the position that the claimant was disabled, the ALJ's decision must be affirmed so long as there is adequate support. *Id*.

Using this standard, the Court finds that substantial evidence does not supports the ALJ's determination that disability ended on June 11, 2009. The ALJ concluded that on June 12, 2009, Riley's ankle injury demonstrated improvement to the point where her impairment no longer met Listing 1.02A because Riley no longer had an inability to ambulate effectively. [R. at 20.] The "inability to ambulate effectively" is defined as

> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00B2b(1). The ALJ cites to certain medical notes in the record as support that Riley's ankle injury no longer prevented her from ambulating effectively; however, the notes to which the ALJ refers are from a date no earlier than December 2009. [R. at 20, 783-87, 820, 846.] The ALJ also relied on Riley's physical therapy discharge papers signed June 11, 2009 and the results of an MRI dated June 12, 2009. [R. at 21, 407-408, 428-29.] While the results of the MRI may show improvement, Riley's discharge papers indicate that her current functioning level required her to utilize a quad cane for ambulation. [R. at 428.] The ALJ makes no mention of this and fails to resolve this discrepancy with regard to Riley's ability to ambulate effectively. The first mention in the record that Riley did not require the use of an assistive walking device was made in October 2009. [R. at 718.] From then, it appears from the record that Riley continued to ambulate without an assistive walking device. [R. at 718, 783-87, 820, 846.] Because the ALJ failed to resolve the discrepancy with regard to the usage of a quad cane, substantial evidence fails to support the ALJ's decision that Riley was not disabled as of June 12, 2009.

Riley addresses a medical source statement submitted by her treating physician Dr. Huffman that was not considered by the ALJ. [R. at 992-95.] Although, Dr. Huffman's statement

8

was completed during the relevant time period, it was not considered by the ALJ because it was not in the record at the time of the ALJ's decision. [Dkt. 23 at 22; Dkt. 25 at 8.] This evidence was submitted on appeal to the Appeals Council and was included in the present record. [R. at 1, 5.] The Appeals Council considered the additional evidence and did not find a reason to review the decision of the ALJ. [*Id*.] On remand, the ALJ should consider Dr. Huffman's medical source statement and any additional evidence submitted that occurred during the relevant period of inquiry.

With regard to Plaintiff's remaining arguments, the Court finds that substantial evidence supports the ALJ's analysis of Riley's headaches, activities of daily living,[2] and non-severe impairments.

## VI. Conclusion

For the reasons set forth above, substantial evidence does not support the ALJ's determination that Riley was not disabled as of June 12, 2009. The Magistrate Judge recommends that the Commissioner's decision be **REVERSED**. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 04/14/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[2] The Court notes that there is no support for the ALJ's comment that Riley's "duties as a 'stay at home mother' do not support her case for disability," especially since Riley testified that she receives help from a neighbor. [R. at 44, 46.] However, any error in this regard is harmless as the ALJ cited other support for his determination on Riley's activities of daily living and credibility. [R. at 18, 23.]

9

Distribution:

Jonelle L. Redelman
REDELMAN LAW
jonelle@redelmanlaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov